IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL Y. BARR, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO. 08-316 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

LYNNE A. SITARSKI                                                                                  May 7, 2008
UNITED STATES MAGISTRATE JUDGE

      Pending before this Court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by petitioner Jamal Barr, who is currently incarcerated in the State Correctional Institution in Graterford, Pennsylvania.  For the following reasons, this Court recommends that the Petition for Writ of Habeas Corpus be DISMISSED with prejudice as untimely.

**I.      PROCEDURAL HISTORY**

      On April 8, 1992, following a bench trial before the Honorable Arthur S. Kafrissen of the Philadelphia County Court of Common Pleas, CP # 91-07-3321, petitioner was convicted of possession of a controlled substance with intent to deliver (35 PA. CONS. STAT. ANN. § 780-113(30)) and knowing and intentional possession of a controlled substance (35 PA. CONS. STAT. ANN. § 780-113(16)).  *See* Report of the Clerk of Court Showing the Conviction of Certain Violations of the Controlled Substance, Drug, Device and Cosmetic Act, CP # 91-07-3321,

4/8/92. On April 8, 1992, Judge Kafrissen sentenced Petitioner to four years' probation. *See* Certification of Probation, CP # 91-07-3321, 4/8/92. The current habeas petition relates to this conviction and sentence (hereinafter "the 1992 drug conviction").

Thereafter, in February, 1994, petitioner was arrested and charged with rape and related offenses. On October 21, 1994, Petitioner pled guilty to rape. *See* Written Guilty Plea Colloquoy, CP # 94-04-1324-1331, 10/21/94.[1] On January 18, 1995, Philadelphia Common Pleas Court Judge Gregory Smith sentenced Petitioner to five to ten years on the rape charges.

This admission of guilt on rape charges was, obviously, a violation of petitioner's probation for the 1992 drug conviction. Accordingly, on February 2, 1995, Judge Kafrissen revoked Petitioner's probation on the 1992 drug conviction, and sentenced Petitioner to five to ten years incarceration for this conviction, to run consecutive to the sentence he was then serving on the rape charges. *See* Docket in Chronological Order, CP # 91-07-3321, 2/2/95. Petitioner filed a Motion to Modify Sentence on February 21, 1995, which Judge Kafrissen denied on that same date. *See* Motion to Modify Sentence, CP # 91-07-3321, 2/21/95. No direct appeal was filed.

On April 21, 1997, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. ANN. § 9541, *et seq*. (1988), challenging his 1992 drug conviction and the sentence imposed by Judge Kafrissen on February 2, 1995. *See* Motion for Post Conviction Collateral Relief, CP # 91-07-3321, 4/21/97. The PCRA court dismissed the petition on June 17, 1997 as untimely. Order, CP # 91-07-3321, 6/17/97. Petitioner did not appeal this

---

[1] On January 18, 1995, the District Attorney *nolle prossed* the related offenses that accompanied the rape charge to which petitioner pled guilty.

dismissal.

On November 30, 2005, petitioner filed his second PCRA petition, again challenging the 1992 drug conviction and resulting sentence. Motion for Post Conviction Collateral Relief, CP # 91-07-3321, 11/30/05. By Order dated September 12, 2006, the PCRA court also dismissed this second petition as untimely. Order, CP # 91-07-3321, 9/12/06. Petitioner appealed the dismissal to the Pennsylvania Superior Court. On June 21, 2007, the Superior Court affirmed the PCRA court's dismissal in an unpublished memorandum opinion. *Commonwealth v. Barr*, 931 A.2d 40 (Pa. Super. Ct. 2007)(table). Petitioner sought review by the Pennsylvania Supreme Court, but the Supreme Court declined review by Order dated November 1, 2007. *Commonwealth v. Barr*, 934 A.2d 1275 (Pa. 2007)(table).

On January 5, 2008,[2] petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. Petitioner claims in this habeas petition that the trial court abused its discretion in revoking petitioner's probation on the 1992 drug conviction. Petitioner further claims that all counsel were ineffective for not obtaining an evidentiary hearing on this issue. Pet. at p. 9.

Respondents contend that the instant petition is untimely. This Court agrees, and recommends that the instant petition be dismissed with prejudice.

---

[2] The docket indicates that the Clerk's Office received the Petition for Writ of Habeas Corpus on January 18, 2008. The petitioner signed and dated the habeas petition January 5, 2008. The prison mailbox rule requires this Court to consider the date that the petition is delivered to prison authorities for mailing to be the date of filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("mailbox rule" applies to habeas petitions submitted by inmates confined in an institution).

Accordingly, this Court will consider January 5, 2008 to be the date of filing.

**II.     TIMELINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons in state or federal custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  *See* 28 U.S.C. § 2254 (1996).

When Congress enacted the AEDPA, it also enacted important procedural rules that must be applied by federal courts considering a petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   One such condition is the strict and short statute of limitations that is contained in § 2244(d).  This statute of limitations must be applied to all petitions brought pursuant to § 2254.  Section 2244(d) provides as follows:

> A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Following the enactment of the AEDPA one-year period of limitations, the Third Circuit

Court of Appeals interpreted the amendment to provide for a "one year grace period" following its effective date of April 24, 1996. *See Burns*, 134 F.3d at 111 ("...applying § 2244(d)(1) to bar the filing of a habeas petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive."). As a result, any petitioner whose conviction became final prior to the enactment of the limitations period was required to file a petition for federal habeas corpus relief on or before April 24, 1997.

The AEDPA's grace period applies in the instant case. Petitioner's conviction became final on March 23, 1995, thirty days after post trial motions were denied, pursuant to Pa. R. App. P. 720(A)((2)(a). Accordingly, Petitioner was required to file any petition for writ of habeas corpus on or before April 24, 1997. Petitioner's habeas petition was not filed until January 5, 2008, over a decade beyond the deadline. Petitioner's claims are therefore time-barred.

AEDPA creates a tolling exception pursuant to which "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation of this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

Pennsylvania's PCRA has a strict statute of limitations, with few exceptions.[3]  "Any

---

[3] 42 PA. CONS. STAT. ANN. § 9545(b) provides:

> (1) Any petition under this subchapter, including a second or

petition...including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final..." *See* 42 PA. CONS. STAT. ANN. § 9545(b). A PCRA petition must be filed within one year of judgment becoming final. *Id.* A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 PA. CONS. STAT. ANN. § 9545(b)(3).

Petitioner's judgment became final on March 23, 1995. Accordingly, petitioner was required under Pennsylvania law to file any PCRA petitions within one year, or by March 23, 1996. *See* 42 PA. CONS. STAT. ANN § 9545(b). Petitioner's first and second PCRA petitions were filed on April 29, 1997 (over two years from when petitioner's judgment became final) and November 30, 2005 (over eight years from when petitioner's judgment became final). The PCRA court dismissed both petitions as untimely. These untimely PCRA petitions did not toll the statute

---

> subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (I) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

of limitations for AEDPA purposes because they do not qualify as properly filed applications under 28 U.S.C. § 2244(d)(2) and do not affect the AEDPA time limitations.  Petitioner's claims are therefore time-barred.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this   7TH   day of May, 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED with prejudice as untimely.

The petitioner may file objections to this Report and Recommendation. See Local Civ. R. 672.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE